## Ingraham and Baker *v.* Russell.

Covenant for the false warranty in the sale of three negroes, one of whom
was diseased with the small pox at the time of sale, and another was idiotic
and unsound; with the third no fault was found.  The price paid for the
slaves was 2550 dollars; verdict for damages 2200 dollars: *Held*, it was
unjust that the plaintiff should retain all the negroes, two of whom were
valuable, and recover back so large a portion of the purchase money; a
new trial awarded.

ERROR from the circuit court of Warren county.

Holt, for the plaintiff in error, cited Walk. Rep. 97; 1 Burr. 390;
1 M. and S. 576; 6 Term Rep. 244; 1 Ibid. 421; Eaves *v.* Dixon,
2 Taunt. 343–4.

Guion and Smedes, *contra.*

Mr. Chief Justice SHARKEY delivered the opinion of the court.

This case comes up from the judgment of the circuit court
overruling a motion for a new trial.  The action was covenant
for a false warranty in the sale of three negroes, the price of which
was 2550 dollars, and the amount of the verdict, 2200 dollars.
That the damages were excessive, was the reason relied on for a
new trial.  The question of course must depend upon the testi-
mony, all of which is set out in the bill of exceptions.

Doctor Smith was the first witness on the part of the plaintiff
below; he stated in substance that on the 7th of January, 1836,
he was called in to see a negro man by the name of Hinson, on
the plantation of Russell.  That he found him laboring under an
attack of small pox, which he supposed to be of five or six days
standing, but he would not undertake to say how long he had
been infected with contagion; he could not say that the contagion
had existed in him more than twelve or thirteen days, though it
might have done so twenty days.  Doctor Barnett was also sworn,
who stated that he visited the same negro about the 12th or 13th

[Ingraham and Baker *v.* Russell.]

of January. That the disease was small pox, but he could not say whether he had been infected with the contagion more than eighteen or twenty days prior to that time. He also spoke of another boy named Anderson, and thought he was evidently idiotic. Said last mentioned boy was subject to fits, though he had the appearance of being ordinarily healthy. That there was no other case of small pox in the neighborhood, and that Russell's plantation was twenty miles from Vicksburg. The boy Anderson was exhibited to the jury. Gower the overseer of Russell was examined, and stated that Russell left home to buy negroes of Ingraham & Baker, then at Vicksburg, and brought with him on his return, the two negroes above mentioned and one other. That Hinson had ran away two or three days afterwards, and was out a day or two. That he was taken sick a few days after he was bought, and that on the day he went off, he was a fine looking fellow worth nine hundred dollars. It was also in proof, that the small pox was in Vicksburg, at the time the negroes were purchased by Russell, which was on the 19th of December.

This is all the testimony in the case that it is material to consider. Nothing was said as to the value of the boy Anderson; his condition, however, would certainly render him much less valuable than if he had been sound, but still he may have been worth something. For this reason, the plaintiff below had an undoubted right to recover something, but the damages assessed by the jury were certainly greater than justice demanded. Russell had not offered to return the negroes, nor have any of them died; and even if Hinson had the small pox at the time he was purchased, he may have recovered entirely, and probably has, from the effects of it. His value is probably not in the slightest degree diminished, and in regard to one of the negroes, no fault was found. It must, therefore, be unreasonable that Russell should hold all the negroes, two of which are valuable, and recover back so large a portion of the purchase-money. He might also, be entitled to compensation for his trouble and expense, during the sickness of Hinson, but still it could not amount to so much as to justify the verdict. No proof, however, was introduced on this subject. If the negro Hinson had died, we should feel less disposed to disturb the verdict, but even then it would have been

26*

[Ingraham and Baker *v.* Russell.]

probably beyond a reasonable compensation. As it is, we think the court should have granted a new trial.

Judgment reversed, cause remanded, and a *venire de novo* awarded.